IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VALERO ENERGY CORPORATION in its own right and as successor to ULTRAMAR DIAMOND SHAMROCK CORPORATION, | § § § § § | |
| *Petitioner*, | § § | Civil Action No. SA-06-CV-1065-XR Consolidated with |
| v. | § § | Civil Action No. SA-08-CV-114-XR and Civil Action No. SA-08-MC-149-XR |
| UNITED STATES OF AMERICA, | § § | |
| *Respondent*. | § | |

**ORDER**

On this day, the Court considered the status of this matter following the parties' briefing regarding the issues that remain in dispute.

**Background**

In an Order issued on April 7, 2010, this Court summarized the background of this case. The Court stated the following:

> Petitioner Valero Energy Corporation ("Valero") is a Delaware corporation with its headquarters in Texas. The company owns and operates multiple refineries and markets refined oil and gas products. One such refinery is located in Canada and was previously owned by Ultramar Diamond Shamrock ("Diamond Shamrock"). On December 31, 2001, Diamond Shamrock merged into Valero. Effective on the date of the 2001 merger between Valero and Diamond Shamrock, the Canadian refinery began marketing refined products in Canada. Valero alleges that it sought and obtained tax advice from Ernst & Young and Arthur Andersen in connection with various aspects of the restructuring of the Canadian entities and the repayment of certain third-party debt by one of those entities.
> In 2002, large foreign currency losses resulted from these transactions, which is the focus of the Internal Revenue Service's

1

("IRS") examination of Valero's 2002 and 2003 federal income tax liabilities. The IRS issued summonses to three accounting firms used by Valero: Arthur Andersen ("Andersen"), Ernst & Young ("E&Y"), and Deloitte and Touche ("Deloitte"), and subsequently issued a summons to Valero.

*The IRS Summons to Ernst & Young and Civil Action No. SA-06-CV-1065*

> In its summons to E&Y, the IRS seeks:
> All documents . . . related to, or reflecting, tax planning, tax research, or tax analysis, by or for, Ultramar Diamond Shamrock (including any of its subsidiaries or partnerships, both domestic and foreign) and Valero Energy Corporation (including any of its subsidiaries or partnerships, both domestic and foreign) in connection with their 2001, 2002 and 2003 Canadian and U.S. income taxes, including, but not limited to:
>
> 1. any Canadian restructuring or refinancing during the years 2001, 2002 and 2003;
> 2. any distribution by Ultramar Limited (formerly known as Ultramar Canada Inc.) in 2001, 2002 or 2003, as well as any other Canadian and U.S. tax issues associated with such distribution;
> 3. any transfer of property, remittance, dividend or loan payment by Canadian Ultramar Company ... or Ultramar Credit Corporation during 2001, 2002 or 2003 as well as any other Canadian and U.S. tax issues associated with such transfers;
> 4. any overall foreign losses (OFLs) including methodologies used to maximize the tax benefits of such OFLs;
> 5. documents involving I.R.C. Section 987;
> 6. documents involving I.R.C. Section 988;
> 7. documents involving I.R.C. Section 1503;
> 8. any transfer of Canadian Ultramar Company or Canadian Ultramar Canada to a new Cayman Islands corporation and any subsequent change(s) in the residence, form,

>             or ownership of the entity, specifically including re-incorporation in Delaware;
> 9.      the use of a stapled stock structure to prevent build-up of overall foreign losses (OFLs);
> 10.     the transfer of shares of Ultramar Credit Corporation in 2002;
> 11.     the use of any check-the-box election during the period of January 1, 1992 through December 31, 2003.
> 12.     all other planning, research or analysis in which Arthur Andersen played any role or provided any services.[1]

Valero, as a third party, challenged the summons issued to E&Y. *Valero Energy Corp. v. United States*, No. SA-06-CV-1065 (W.D. Tex. originally filed Dec. 6, 2006). Valero objected to the summons, arguing: (1) E&Y did not provide information, advice or assistance to Valero or Diamond Shamrock in connection with the preparation of the tax returns for 2001, 2002 and 2003; therefore, E&Y does not have any documents responsive to the summons. (2) The summons seeks documents which contain confidential communications made to or from Valero and/or Diamond Shamrock for purposes of obtaining or giving tax advice such that the documents are privileged pursuant to 26 U.S.C. § 7525(a)(3)(A), (B). (3) The summons requests documents that are protected by the attorney-client or work-product privilege. (4) The summons is vague, overly broad and irrelevant in that: (a) the summons seeks documents related to the 2001, 2002 and 2003 tax returns, but the only years under examination by the IRS, as apparent on the face of the summons, are 2002 and 2003; (b) the summons seeks information in connection with Canadian tax returns and Canadian tax issues which are not subject to examination by the IRS; (c) the term "tax" is not defined and conceivably could be construed to include items not related to federal income tax returns, including customs, excise, sales, franchise, employment, state income, and provincial taxes and the like; (d) the terms "research and analysis" are not qualified by the word "tax" and thus are vague and overly broad; and (e) the summons seeks "check-the-box" information for years beginning as early as 1992.[2]

---

[1] Pet. to Quash [E&Y] Summons, Ex. A, Dec. 6, 2006 (Docket Entry No. 1).

[2] Pet. to Quash [E&Y] Summons 2–4, Dec. 6, 2006 (Docket Entry No. 1).

*The IRS Summons to Deloitte and Touche and Civil Action No. SA-08-CV-114*

Valero challenged the summons issued to Deloitte in the Southern District of Texas, but that case was transferred to this district. *Valero Energy Corp. v. United States*, No. SA-08-CV-114 (W.D. Tex.).³ With slight exceptions, the Deloitte summons is identical to the E&Y summons.⁴ Valero alleges in the petition that it engaged Deloitte in 2003 to review the Canadian restructuring and refinancing to provide tax advice to assist Valero's employees in understanding the tax results of the transactions. Valero states that Deloitte also reviewed certain calculations in connection with the Canadian restructuring and filing and disclosure issues, and that Deloitte's findings, which constitute privileged tax advice, were shared with Valero.

Valero again asserts that attorney-client, federal tax practitioner, and work-product privileges prevent the disclosure of some documents. Valero also claims that the summons requested vague, overly broad and irrelevant information in that the summons requests potentially all documents related to 2001, 2002 and 2003 "income taxes" when transactions which were consummated in 2002 are the only ones under examination, the summons seeks information related to Canadian tax returns and issues not subject to examination by the IRS, the summons seeks "check-the-box" information for years beginning as early as 1992, and the IRS seeks "all *other* tax planning, tax research, or tax analysis in which Deloite ... *played any role or*

---

³This case was originally filed in the Southern District of Texas styled as *Valero Energy Corporation v. United States*, No. H-07-1544 (S.D. Tex. filed May 8, 2007). The Southern District of Texas transferred this case to the Western District of Texas upon a joint motion of the parties, who argued that Deloitte maintained an office in San Antonio, the transfer was convenient for the parties, and a transfer was in the interest of justice. *See* [Deloitte] Order, Feb. 8, 2008 (Docket Entry No. 19).

⁴Where the E&Y summons seeks from E&Y "[a]ll documents . . . related to, or reflecting tax planning, research or analysis," the Deloitte summons seeks from Deloitte "[a]ll documents . . . related to, or reflecting, tax planning, *tax* research, or *tax* analysis . . . ." *Compare* Pet. to Quash [E&Y] Summons, Ex. A. (regarding request sent to E&Y) *with* Pet. to Quash [Deloitte] Summons, Ex. A (regarding request sent to Deloitte) (emphasis added). A similar change is made in the twelfth request. *Compare* Pet. to Quash [E&Y] Summons, Ex. A ("all other planning, research or analysis in which [E&Y] played a role or provided any services"), *with* Pet. to Quash [Deloitte] Summons, Ex. A ("all other tax planning, tax research, or tax analysis in which Deloitte Tax LLP played any role or provided any services.").

*provided any services*." Valero also requested that Deloitte provide responsive documents to Valero so that Valero may conduct a privilege review prior to production.

*The IRS Summons to Valero and Civil Action No. SA-08-MC-149*

Subsequently, in a third action, the United States filed a Petition for Enforcement of an IRS Summons, seeking an order enforcing a lengthy IRS summons issued to and served on Valero. *United States v. Valero Energy Corp.*, No. SA-08-MC-149 (W.D. Tex. filed Feb. 25, 2008). The Valero Summons appears to relate at least in part to the investigations that are the subject of the E&Y and Deloitte summonses; however, the Valero summons requests extensive information from Valero and the requests are not similar in wording to the E&Y and Deloitte summonses.[5]

The United States complained in the petition that Valero produced some requested documents but withheld numerous other documents and did not provide any requested testimony. Rather, Valero delivered a written response and objections to the Valero summons. The United States believes Valero interpreted the Valero summons too narrowly; thereby, failing to produce responsive documents. The United States argues that Valero also withheld documents pursuant to the tax practitioner and work-product privileges but failed to "substantiate[]" any of its privilege claims and that it provided a deficient and vague privilege log. In addition, the United States claims that the tax practitioner privilege does not apply because the withheld documents reflect communications that had a significant purpose of avoiding taxes.

Valero responded in opposition to the Government's motion.[6] It also moved to quash the Valero summons, seeking an order quashing the summons to the extent it seeks privileged communications and to the extent it seeks information beyond the standards set forth in *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).[7]

---

[5]*See* Pet. for Enforcement of IRS Summons, Feb. 25, 2008 (Docket Entry No. 1).

[6]Resp. in Opposition to Pet. for Enforcement of IRS Summons, May 12, 2008 (Docket Entry No. 3).

[7]Mot. to Quash [Valero] Summons, May 12, 2008 (Docket Entry No. 4). In *United States v. Powell*, the Supreme Court stated:
Reading the statutes as we do, the Commissioner need not meet any

**Procedural History**

The cases before the Western District of Texas were consolidated on August 27, 2008.[8] Following a hearing and briefing, the Court issued an order regarding Valero's objections to the breadth and scope of the summonses in question, whether decisions of the United States District Court for the Northern District of Illinois and Seventh Circuit Court of Appeals barred re-litigation of Valero's objections as to scope, and whether Valero ought to be entitled to depose IRS Agent Phillip A. Ryder regarding Ryder's declaration supporting the summonses at issue.[9] The Court held a hearing regarding pending matters, and the parties have briefed the Court on remaining issues.[10] Valero advised the Court that it withdraws all its claims of privilege as to the summonses issued to the third parties and has authorized third-parties Deloitte and E&Y to produce all "responsive documents."[11] It also withdraws all its claims of privilege as to the summons it received from the

---

        standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed-in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

*Powell*, 379 U.S. at 57–58.

    [8]The Court consolidated the cases into *Valero Energy Corp. v. United States*, No. 06-CV-1065. *See* Order, Aug. 27, 2008 (Docket Entry No. 29).

    [9]Hr'g Tr. 36–37, Oct. 9, 2008; Order, Apr. 7, 2010.

    [10]See Hr'g Tr., May 3, 2008 (Docket Entry Nos. 51–54).

    [11]Advisory to the Court, Jul. 9, 2010 (Docket Entry No. 55).

government and agreed to produce "all responsive documents previously withheld on the basis of privilege."[12] The United States responded that Valero and its accounting firms have made less than full disclosure of potentially responsive documents and seeks an order denying Valero's petitions and motion to quash the IRS summonses; granting the United States's motions and petition to enforce the summonses; ordering Valero and the accounting firms to comply by producing all responsive documents within 10 business days; and ordering that Valero certify under penalty of perjury that it has produced all responsive documents.[13] Valero replied that it and the accounting companies have produced all documents responsive to the Valero summons; therefore, with no showing of non-compliance, the Court should deny the Government's motions/petition for failure to establish non-compliance.[14]

## Legal Standard

A district court has jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws" and to enforce a summons issued pursuant to the internal revenue laws. 26 U.S.C. §§ 7402; 7604. In *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court delineated four factors courts must evaluate in determining whether the IRS established a prima facie case to enforce a summons. These factors include whether (1) the investigation was conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already within the IRS's

---

[12]*Id.*

[13]United States' Am. & Supplemental Resp. to Valero's July 9, 2010 Advisory, Jul. 27, 2010 (Docket Entry No. 58).

[14]Valero's Reply to the United States' Am. & Supplemental Resp. to Valero's Advisory to the Court, Jul. 30, 2010 (Docket Entry No. 59).

possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *Id.* Establishing a prima facie case imposes a minimal burden on the IRS, which "can be fulfilled by a 'simple affidavit' by the IRS agent issuing the summons." *Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001) ("The burden on the government to produce a prima facie case is 'slight' or 'minimal.'"). If the government meets this burden, the Court must then assess whether Valero has fulfilled its "heavy" burden of rebutting the IRS's case by "undermining the proponent's contentions regarding any of the *Powell* factors or by demonstrating that enforcement of the summons would result in an 'abuse' of the court's process." *Id.* A party may also challenge the summons if it was brought in bad faith. *United States v. Harris*, 628 F.2d 875, 879 (5th Cir. 1980).

**Analysis**

Valero challenged the IRS's summonses to E&Y and Deloitte by filing petitions to quash the summonses. The Government moved to enforce the summonses. The Government moved to enforce the summons the IRS issued directly to Valero. Valero moved to quash that summons as well. Valero advised the Court that it is withdrawing its claims of privilege and has authorized the third-party accounting firms to produce all responsive documents and it would produce all responsive documents previously withheld on the basis of privilege.[15] Valero contends that it has produced all responsive documents in the course of this proceeding and that the appropriate disposition is to deny the government's motions to enforce for failing to establish that Valero has not complied with the summonses.[16] Valero asks the Court to enter an order of dismissal with costs

---

[15] Advisory at 1–2.

[16] Valero's Reply at 1–2.

borne by each party incurring the same.[17]

The Government reurges its motions to enforce, stating that granting the motions is the correct means to resolve its request for enforcement when it has no independent means of verifying that the respondents have produced all responsive documents.[18] The Government states that such an order would carry the punishment of contempt or sanctions in the event of non-compliance and that it would require Valero and the third-party accounting firms to supplement their productions in the event that additional documents are located in the future.[19]

The IRS provided the Declaration of IRS Agent Philip H. Ryder to prove its *prima facie* case for enforcement of the summonses. Having withdrawn its challenges to the Government's motions to enforce the summonses, the only evidence before the Court is Agent Ryder's declaration to meet the Government's minimal burden to establish a prima facie case for enforcement of the IRS summonses. Regarding the *Powell* factors, the declarations establish that the investigation was conducted pursuant to a legitimate purpose of examining Valero's tax liability for the tax periods ending on December 31, 2002 and December 31, 2003; the inquiry is relevant to examining Valero's tax liability; the information sought was not within the IRS's possession; and the administrative steps required by the Internal Revenue Code have been followed. *Id.* Establishing a prima facie case imposes a minimal burden on the IRS, which has been fulfilled by the affidavit of the IRS agent issuing the summons. While Valero now contends in its briefs that it has provided all the responsive documents, it provides the Court with no affidavit or declaration that it has complied fully with the

---

[17]*Id.* at 9.

[18]United States' Am. & Supplemental Resp. at 8.

[19]*Id.* at 9.

IRS's summonses.

Valero attempts to avoid incurring the payment of costs by arguing that this issue is now moot. First, this matter is not moot since the Government is still pursuing enforcement of the summonses. Second, finding that this matter is moot would reward Valero for abandoning its challenges after it received adverse rulings on the merits of its challenges. Third, the Court evaluated Valero's initial claims and ruled against Valero on the merits of some of its challenges. Fourth, Valero provides no affidavit or declaration that it has provided all responsive documents to the IRS.

According to Rule 54(d) of the Federal Rules of Civil Procedure, costs shall be allowed as of course to the prevailing party in a civil action. FED. R. CIV. P. 54(d). In this case, the Government was the prevailing party regarding the preliminary briefing in this case. Moreover, the Government has established that it is entitled to an order granting its motions for enforcement.

## Conclusion

To the extent that the Court's previous orders address Valero's challenges to the Government's summonses, Valero's Petitions to Quash and Motion to Quash are DENIED.[20] Having withdrawn its remaining challenges, Valero's Petitions to Quash and Motion to Quash are DISMISSED. The Government's Motions to Enforce are GRANTED.[21]

Valero, Ernst & Young LLP, and Deloitte Tax LLP are ORDERED to produce all responsive

---

[20] Valero's Am. Pet. to Quash Summonses & Mem. of Authorities, Feb. 20, 2007 (Docket Entry No. 6); Valero's Pet. to Quash Summons & Mem. of Authorities, May 8, 2007 (Docket Entry No. 1 in No. SA-08-CV-114-XR); Valero's Mot. to Quash Summons, May 12, 2008 (Docket Entry No. 4 in No. SA-08-MC-149-XR).

[21] United States' Mot. for Enforcement of IRS Summons, Mar. 13, 2007 (Docket Entry No. 10); United States' Mot. for Enforcement of IRS Summons, Jul. 23, 2007 (Docket Entry No. 6 in No. SA-08-CV-114-XR); United States' Pet. for Enforcment of IRS Summons, Feb. 25, 2008 (Docket Entry No. 1 in No. SA-08-MC-149);

documents and information specified in their respective summonses within 30 days of this order. Costs shall be taxed against Valero. The Clerk is directed to close these cases and enter judgment in favor of the United States.

SIGNED this 5th day of August, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE